THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:18-cv-00058-MR

| | |
|---|---|
| MARCUS JACK GROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Attorney Fees under § 406(b) of the Social Security Act [Doc. 20], as amended [Doc. 24].

**I.     PROCEDURAL BACKGROUND**

On April 13, 2021, the Plaintiff initiated this action seeking judicial review of the Commissioner's decision to deny his application for benefits under the Social Security Act. [Doc. 1]. Attorney Chad Brown ("Brown") represented the Plaintiff at the administrative level, while attorney Amelia Patton ("Patton") represented the Plaintiff on his appeal before this Court. [Doc. 24 at 2]. On September 16, 2019, this Court reversed the Commissioner's decision denying the Plaintiff's application for benefits and

remanded the case to the Appeals Council for further administrative action. [Docs. 16, 17]. On December 12, 2019, this Court awarded the Plaintiff attorney's fees in the amount of $3,500.00 in full satisfaction of any and all claims by the Plaintiff pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), and such fees were paid directly to Patton. [Doc. 19].

On July 5, 2023, the Commissioner issued a Notice of Award to the Plaintiff explaining his past due benefits and stating that $37,466.25, representing 25% of the Plaintiff's back benefits, was being withheld from the Plaintiff's award to pay any award of attorney's fees. [Doc. 24-1 at 4]. The Commissioner awarded Brown a fee of $7,200.00 for his work at the administrative level, which Brown appealed. [Id. at 3].

The Plaintiff and Patton had a contingency fee agreement pursuant to which any attorney's fee award could not exceed 25% of the past due benefits, minus any fees awarded to Brown. [Doc. 24-3]. Patton initially filed a Motion for Attorney Fees with this Court on July 16, 2023, seeking an award of $15,000.00 [Doc. 20], but the Defendant requested to stay the motion because of Brown's appeal [Doc. 22]. On July 21, 2023, this Court granted the Defendant's request to stay.

On August 2, 2024, Patton filed an Amended Motion for Attorney Fees. [Doc. 24]. Patton represents that the administrative court increased Brown's

award to $12,000.00, leaving a $25,466.25 balance withheld for attorney's fees. [Id. at 2]. Patton now seeks an award of $11,500.00 in fees pursuant to 42 U.S.C. § 406(b)(1), which constitutes the $15,000.00 Patton initially requested minus the $3,500.00 she already received under the EAJA. [Id. at 3].

## II. DISCUSSION

There are two avenues by which a Social Security benefits claimant may be awarded attorney's fees. First, claimants may seek a fee award under the EAJA, which provides that:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action . . . .

28 U.S.C. § 2412(d)(1)(A).

Second, a claimant may seek an award pursuant to 42 U.S.C. § 406(b), which provides that:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

3

42 U.S.C. § 406(b)(1)(A).

While attorney's fees may be awarded under both the EAJA and § 406(b), the Social Security Act requires that the attorney must refund to the claimant the smaller fee. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." Stephens ex rel. R.E. v. Astrue, 565 F.3d 131, 134–35 (4th Cir. 2009) (quoting Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002)).

Here, rather than stipulating to issuing the Plaintiff a refund of the EAJA fee award he received, Patton requests that this Court offset the total amount of § 406(b) fees to which she initially requested, $15,000.00, by the amount she received under EAJA, $3,500.00. Patton submits no authority supporting awarding fees in this manner, and it does not appear that the Fourth Circuit Court of Appeals has addressed whether allowing such an offset, rather than requiring a refund of the smaller fee, is appropriate. The plain language of the Social Security Act contemplates that where a plaintiff's counsel seeks fee awards under both statutes, counsel will "refund[ ]" the smaller award to the plaintiff. O'Donnell v. Saul, 983 F.3d 950, 956 (7th Cir. 2020) (quoting Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985)). The

4

statute does not authorize this Court to offset Patton's award under § 406(b) in the manner she requests. As such, this Court will award fees under § 406(b) as it typically has and will require Patton to refund to the Plaintiff the smaller fee award.[1]

The Court now turns to evaluate the fees available to Patton under § 406(b). Here, the Plaintiff and Patton entered into a contingency fee agreement by which the Plaintiff agreed to pay to Patton 25% of any past due benefits awarded minus the amount awarded to Brown. As the Fourth Circuit has recognized,

> § 406(b) was designed to control, not to displace, fee agreements between Social Security benefits claimants and their counsel. As long as the agreement does not call for a fee above the statutory ceiling of twenty-five percent of awarded past-due benefits, . . . § 406(b) simply instructs a court to review the agreement for reasonableness.

---

[1] The Court recognizes that some courts have signaled that awarding fees in the manner Plaintiff's counsel requests is permissible. However, these courts have provided that it is a disfavored method and that a court does not abuse its discretion in awarding a plaintiff's counsel the full amount of fees to which they are entitled under § 406(b) and requiring them to issue a refund to the plaintiff. See O'Donnell, 983 F.3d at 959; McGraw v. Barnhart, 450 F.3d 493, 497 n.2 (10th Cir. 2006). Indeed, a number of federal district courts have declined to award fees in the way Plaintiff's counsel requests. See, e.g., Chandler v. Kijakazi, No. 4:20-cv-517-ALM-KPJ, 2023 WL 3818390, at *6 (E.D. Tex. May 19, 2023); Koroma v. Comm'r of Soc. Sec. Admin., No. CV-19-04459-PHX-DWL, 2021 WL 3190727, at *1–*2 (D. Ariz. July 28, 2021). Therefore, even assuming *arguendo* that it would be permissible for this Court to award Plaintiff's counsel fees in the manner he requests, this Court would exercise its discretion and decline to do so.

5

Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (citation and internal quotation marks omitted).

The Court finds that the services rendered in this Court were appropriate and reasonable to the relief sought, and the contingency fee agreement executed by the Plaintiff and Patton is reasonable.  Additionally, the Court notes that although Patton was entitled to seek $25,466.25 of the Plaintiff's back benefits as her fee in this matter, she sought only $15,000.00 of said benefits.  Accordingly, the Plaintiff's Motion for Attorney's Fees is granted.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Attorney Fees Under § 406(b) of the Social Security Act [Doc. 20], as amended [Doc. 24] is hereby **GRANTED**, and an award of attorney's fees in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00) pursuant to 42 U.S.C. § 406(b)(1)(A) is hereby approved.

**IT IS FURTHER ORDERED** that upon receipt of the § 406(b) fees, Plaintiff's counsel is hereby instructed to return to the Plaintiff the sum of $3,500.00, representing the fee that counsel previously received pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

**IT IS FURTHER ORDERED** that a copy of this Order be provided to the Social Security Administration in order to effectuate payment of the award from past due benefits which have been withheld for such purpose.

**IT IS SO ORDERED.**

Signed: August 26, 2024

Martin Reidinger
Chief United States District Judge